CHASE'S PATENT ELEVATOR COMPANY *vs.* BOSTON TOW-BOAT COMPANY.

Bristol. October 29, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Contract — Waiver of Guaranty — Exceptions — Extrinsic Evidence.*

In an action of contract, to recover the price of a coal elevator which the plaintiff was to deliver to the defendant in complete working order for use in Boston Harbor, with a guaranteed capacity of one hundred tons per hour, the defence was that the elevator did not fulfil the terms of the guaranty. At the trial, the plaintiff introduced evidence to show that the defendant's officers, at a trial of the elevator at Fall River, expressed themselves as fully satisfied with it, and had thereupon accepted it, waiving further trial or guaranty. The defendant denied that this trial was for the purpose of ascertaining whether the guaranty had been complied with, and offered evidence to show that a later trial for this purpose in Boston Harbor showed the elevator to be a failure. The presiding judge instructed the jury, in substance, that if the defendant waived further trial, and accepted the elevator at Fall River, the plaintiff was entitled to recover. At the conclusion of the charge the defendant asked the judge to rule that the mere delivery and acceptance of the elevator were no evidence of a waiver of the right to object to its want of capacity, which request for a ruling was refused. *Held*, that the instruction as given was correct, and that the ruling asked for was properly refused.

Where there is nothing in a written contract that is ambiguous, or that requires the admission of the conversations between the parties prior to the signing thereof in order to understand it and apply it to the subject matter, such conversations are properly excluded.

Where a plaintiff objected to the admission of incompetent evidence, and his objection was sustained by the court, but was subsequently waived and withdrawn, it was *held* that the fact that the witness could not be found when the plaintiff withdrew his objection would not justify the court in granting to the defendant another trial, as the plaintiff on another trial would still have a right to object to the admission of the evidence.

CONTRACT upon a written agreement, by which the plaintiff was to furnish to the defendant an elevator for delivering coal. After the decision of this court overruling the defendant's demurrer, reported in 152 Mass. 428, the case was tried in the Superior Court, before *Sherman*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions which, so far as material to the points decided, is as follows.

By the terms of the agreement in question, the plaintiff agreed to construct and furnish to the defendant one of its patent elevators, which was to be delivered complete and in working order upon a barge to be furnished by the defendant. The plaintiff guaranteed that the elevator should have a capacity of handling one hundred tons of coal per hour, and agreed to furnish all necessary instructions to the employees of the defendant in running and working the elevator until they should become accustomed thereto. The defendant was to have the exclusive right of using the elevator upon barges or other floating vessels in Boston Harbor, but no right to use it elsewhere. The defendant agreed to pay for the elevator " when said elevator shall have been delivered in accordance with the terms hereof [of the contract], and it shall have been proved, upon reasonable trial, that said elevator is of the capacity hereinbefore guaranteed."

At the trial, the plaintiff company offered evidence tending to show that it made and furnished an elevator of the kind and capacity mentioned in the agreement, and delivered it to the defendant at Fall River, and placed it upon a barge provided by the defendant, according to the agreement; that before the delivery at Fall River there was a trial of the elevator in the presence of the defendant's agents and officers, and it showed a capacity in excess of the guaranty; that the defendant thereupon accepted the elevator and waived further trial or guaranty; and that subsequently the defendant took down the elevator, towed it with the barge around from Fall River to Boston Harbor, and set it up again. The defendant admitted that its representatives were present at the working of the elevator at Fall River, but denied that it was the trial mentioned in the contract, and offered evidence tending to prove that the trial took place in Boston Harbor, in the presence and with the assistance of the plaintiff, and that this trial showed that the elevator was a

failure.  The plaintiff offered evidence tending to show that the working of the elevator in Boston Harbor was not a trial, but was in compliance with the terms of the contract, which required the plaintiff to furnish all necessary instructions to the employees of the defendant "in running and working said elevator, until they shall become accustomed thereto."

On the question of acceptance and waiver, the plaintiff offered a number of witnesses, who testified that the officers of the defendant had expressed themselves as entirely satisfied with the elevator after seeing it in operation in Fall River; and one of them, Mr. Chase, testified that the reason the elevator had not worked successfully in Boston Harbor was that the barge Mars, the cargo of which the elevator was set at work to discharge, was a larger and different craft from those for which it was intended. The defendant then called its president, Mr. Winsor, and offered to show by him that previous to the contract he and Chase had talks, in which it was explained between them that the defendant company wanted an elevator to discharge large steamers and large craft.  This testimony was objected to by the plaintiff, and excluded by the court on the ground that the contract could not be varied by oral testimony.  It appeared, however, that Winsor was allowed to testify in substance to what he stated to Chase; and one Humphrey, to whom Winsor said he referred Chase for more definite particulars on the matter, was allowed to testify fully as to his talk with Chase.  At the close of the testimony the plaintiff's counsel stated that he would withdraw his objection as to the questions asked Winsor relative to talks previous to the contract, as he had let it go in by the evidence of Humphrey.  The judge thereupon stated to the defendant's counsel that he could introduce that evidence if he chose, but Winsor, having left the court-room without being excused, could not be recalled.

The court, referring to the alleged trial of the elevator at Fall River, instructed the jury as follows:

"Then we come to the question, whether after that trial, and after that report, Mr. Winsor then accepted it, expressed himself as satisfied with it, and approved it; he denies it.  There is an issue.  Upon that subject you have the evidence of Mr. Hawes, and Mr. Chase (the president of the plaintiff company),

Mr. Simeon B. Chase, and perhaps others, who say that Mr. Winsor came down after the trial and said that he had received a report from his men, and that it was entirely satisfactory; that he was entirely satisfied with the elevator; . . . and that either then or subsequently he said, ' Get it to Boston just as quick as you can; entirely satisfied with it; we need it at once; send it to Boston as quick as you can get it there.' You have heard these witnesses testify, and you have Mr. Winsor's denial, and whatever other evidence he offers in contradiction of it.

" If you should find Mr. Winsor, the president of this company, then and there (at Fall River) accepted it, and it was delivered in accordance with his request at once, and he accepted it in behalf of the company and waived any further trial or any further proceedings, then he is bound to pay for it. He was not obliged to, but if he did·he must pay for it, whether it came up to the guaranty or not; he had a right to waive the guaranty, and if he then and there intended to, and said in language that he accepted it, and did not want any more trial, or anything that amounted to that, and he wanted it to be delivered at once, and with that request and that understanding it was shipped to Boston, then there was an acceptance of it under the terms of the contract, and they would be bound to pay for it. You must find out whether that was so or not. If you find it was not, then you go on to the next branch of the case. This is a pure question of fact. You have heard what Mr. Winsor has to say about it, you have heard all the evidence he has offered upon that subject, you have heard all the evidence the plaintiff company has offered, now what was the result of that trial at Fall River ? What was said by Winsor after these men sent down there had reported ? And did he as a matter of fact then and there request that that machine was to be delivered at once and shipped to Boston ? Did he waive all further trial, the conditions of that guaranty, by that act then and there ? If he did, why, he is bound to pay for this machine. The defendant company had a right after seeing it work to accept it, and to waive, — to say, for instance, ' I accept and am satisfied with this, and waive any further trial, entirely satisfied under the contract.' If they did do that at any time, they must pay for the machine. If he did not, he is not bound to pay for it at all. If you find he did ac-

cept it, and waived anything further, you would not be troubled any more about the case. It must end there, and he must pay for the machine."

The defendant's counsel thereupon, after the charge, asked the court to rule "that the mere delivery and acceptance of the elevator are no evidence of a waiver of the right to object to its want of capacity," which request the court declined, as coming too late. The defendant's counsel also handed to the court a paper, of which the following is a copy: "Defendant excepts to the direction that, if the defendant waived further trial and accepted the elevator at Fall River, the plaintiff is entitled to recover."

*G. O. Shattuck & W. S. Rogers*, for the defendant.

*J. F. Jackson*, for the plaintiff.

MORTON, J.   1. The defendant has not argued the fifth and sixth requests, and we therefore treat them as waived.

2. At the conclusion of the charge, the defendant asked the court to rule that the mere delivery and acceptance of the elevator were no evidence of a waiver of the right to object to its want of capacity. The defendant also excepted to the direction in the charge, that if the defendant waived further trial, and accepted the elevator at Fall River, the plaintiff was entitled to recover. The court declined to give the ruling asked for, on the ground that it came too late. Aside from that, we think it was properly refused. It could not be said that acceptance of the elevator was no evidence of a waiver of its want of capacity. Acceptance of it might, and naturally would, imply that the terms of the contract had been satisfactorily performed, differing in that respect from the receipt of it. Benjamin on Sales, § 139. It would, therefore, have been misleading to give the instruction as requested. Neither do we think that the exception to the direction in the charge above referred to was well taken. It is plain that the jury must have understood the court to mean that, if the defendant's president was satisfied with the trial that had taken place at Fall River, and waived any further trial or proof that the machine fulfilled the contract, and accepted it, and wanted it delivered at once in Boston, and it was so delivered, then the defendant company would be liable on the contract. These instructions were correct, and

it is clear that there was evidence which warranted the jury in finding for the plaintiff under them.

3. Notwithstanding the exclusion of the question to the witness Winsor as to his talk with Chase, it would seem from the exceptions that he testified in substance to what he stated to Chase; and one Humphrey, to whom Winsor said he referred Chase for more definite particulars on the matter, was allowed to testify fully as to his talk with Chase. So that, although the ruling was against the admission of the question, it would appear that the testimony was in fact introduced, and therefore that the defendant could not have been harmed by the ruling. But we think the ruling was correct. There was nothing in the contract that was ambiguous, or which required the admission of the previous conversations between the parties in order to understand and apply it to the subject matter. The present case differs in this respect from those which have been referred to by the defendant. The fact that the witness could not be found when the plaintiff withdrew his objection would not justify us in granting a new trial, because the defendant thereby lost the opportunity to put in testimony to the admission of which, on another trial, the plaintiff would still have the right to object. In *Foster* v. *Thompson*, 5 Gray, 453, relied on by the defendant, the excluded testimony was competent.

*Exceptions overruled.*